IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARJORIE SMITH, )
)
        Plaintiff, )
)
v. ) Case No. 13-4048-CV-C-ODS-SSA
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant. )

## ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for supplemental security income benefits. The Commissioner's decision is affirmed.

## I. BACKGROUND

Plaintiff filed her application for disability benefits under Title XVI on March 12, 2010. Plaintiff was born October 18, 1960. She alleges she became disabled on January 1, 1997, due to arthritis, fibromyalgia, diabetes, and asthma.

On April 2010, Plaintiff completed a Function Report. Plaintiff reported that she does the dishes, laundry, and goes on errands. R. 168. She also reported that she shops for groceries and household items. R. 171.

An administrative hearing was held on October 17, 2011. Plaintiff testified she falls once or twice a week due to the pain in her back and hips. R. 324. She stated that she was prescribed a walker. R. 325. She testified that she had only smoked two packs of cigarettes in the last two months. R. 327. She has no problems cooking and cleaning. R. 334-35. Plaintiff visits her boyfriend at his house, plays hand held games, and swims. R.332, 336-37.

The administrative law judge ("ALJ") rendered his decision on December 6, 2011. At step one of the five-step sequential process, the ALJ determined Plaintiff had not engaged in substantial gainful activity since March 12, 2010, the application date. At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, diabetes mellitus type II, asthma, obesity, and visual limitations. At step three, the ALJ found Plaintiff did not have a listed impairment. At step four and five, the ALJ concluded:

> [T]he claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 416.967(b) in that she can stand and/or walk 6 hours a day for 2 hours at a time; she can sit 6 hours a day for 2 hours at a time; she can lift and/or carry 20 pounds occasionally and 10 pounds frequently she can occasionally bend, stoop, crouch, squat, kneel, and crawl; she should avoid climbing or walking at heights or around hazardous unprotected moving equipment; she should avoid extreme temperature, humidity, dust, fumes, and poor ventilation; and she has a slightly reduced depth perception and approximately a 50% reduction in the visual field of her right eye.

R. 17. Next, the ALJ found, based on the vocational expert's testimony, that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform such as a counter clerk and a housekeeper. R. 21-22. Finally, the ALJ concluded Plaintiff was not disabled. R. 22.

## II. STANDARD

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision "simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Substantial evidence is "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## III. DISCUSSION

### A. Plaintiff's Credibility

Plaintiff alleges the ALJ improperly assessed her credibility. The Court disagrees. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). The Court must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). In evaluating a claimant's subjective complaints, the ALJ must consider the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The *Polaski* factors include: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; (7) the absence of objective medical evidence to support the claimant's complaints. *Id.*

Here, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's descriptions of the symptoms and limitations during the time period are generally inconsistent and unpersuasive. R. 18. The ALJ found that the objective evidence did not support the extent of Plaintiff's allegations of constant, debilitating pain. R. 18. X-rays of Plaintiff's lumbar spine showed only moderate degenerative disc disease. R. 227. Plaintiff's sacroiliac joints were normal. R. 227.

Next, the ALJ considered Plaintiff's allegation that she falls once or twice a week because of her back and hip pain. R. 324. However, Plaintiff never reported these falls to her medical providers. Plaintiff also claimed she was prescribed a walker, but there are no treatment notes indicating that such a prescription was ever made or contemplated. R. 325.

The ALJ also considered Plaintiff's allegation that she was disabled due to her asthma. At the hearing, Plaintiff testified that she had only been smoking about a pack of cigarettes a month for the last few months. However, treatment notes less than two weeks before the hearing indicate that Plaintiff was still smoking half a pack to a pack of cigarettes a day. R. 232. The ALJ also took into consideration that Plaintiff had not

3

complained of shortness of breath or dyspnea on exertion to her treating physicians, had not been required to use daily medication, a nebulizer, or oxygen for her asthma.

The ALJ also properly considered the conservative nature of Plaintiff's treatment for her back. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Plaintiff had not been prescribed a TENS unit, referred to physical therapy or a pain clinic, or undergone epidural steroid injections or nerve blocks. Plaintiff had never been hospitalized or was ever considered a surgical candidate for her back and hip pain. *Black v. Apfel*, 143 F.3d 383, 386 (conservative treatment and no surgery consistent with discrediting). The ALJ also noted Plaintiff's lack of compliance to control her diabetes. R. 19, 232, 238. "A failure to follow a recommended course of treatment also weighs against a claimant's credibility." *Guilliams v. Barnhart*, 393 F.3d 798 (8th Cir. 2005).

Plaintiff's poor work history with low and sporadic earnings prior to her alleged onset date also goes against her credibility. Plaintiff's earnings show no or minimal income from 1985 through 2011, with the exception of 1994. R. 131. "A lack of work history may indicate a lack of motivation to work rather than a lack of ability." *Pearsall v. Massanari*, 274 F.3d at 1218.

Finally, the ALJ also considered Plaintiff's daily activities, which he described were generally less restrictive than one would expect given the extent of debilitation Plaintiff alleged. R. 20. Plaintiff testified or reported that she has no problem with her personal care, cooked her own means daily, did the laundry, cleaned, did the dishes, shopped for groceries, and played hand-held games. R. 168, 171, 332. Plaintiff also reported that she swims and visits her boyfriend at his house once or twice a week. R. 334-37. "'Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'" *Heino v. Astrue*, 578 F.3d 873, 881 (8th Cir. 2009) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001)).

Under the facts of this case, the Court cannot conclude that the ALJ improperly weighted Plaintiff's credibility regarding her subjective complaints of pain. This Court will not substitute its opinion for that of the ALJ, who was in a better position to assess credibility. *Brown v. Charter*, 87 F.3d 963, 965 (8th Cir. 1996). Although it may be that any one of these factors alone would be insufficient to justify the ALJ's findings, collectively they serve as substantial evidence supporting the ALJ's decision.

B. RFC Determination

Plaintiff also contends the RFC is not based on substantial evidence because the ALJ allegedly failed to (1) cite to any medical source to support the RFC; and (2) develop the record by ordering a consultative exam. The Court disagrees.

The ALJ makes an RFC determination "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). "It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC." *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001)).

Here, Plaintiff failed to meet her burden of proving her RFC. In March 2010, a consultative examination was ordered for Plaintiff when she initially filed her claim for disability. However, Plaintiff did not show up and did not offer any reason for her absence. The ALJ provided a detailed and justified explanation for why another consultative examination was not ordered after the administrative hearing. An ALJ may find that a claimant is not disabled if the claimant, without good reason, refused to take part in a consultative examination. 20 C.F.R. § 404.1518(a). Plaintiff had an extensive history of noncompliance with the disability process and provided no credible evidence that she had any functional limitations beyond those listed in the RFC. Further, the ALJ properly considered all the relevant evidence, including medical sources, to support the RFC. R. 17-21.

IV. CONCLUSION

There is substantial evidence in the Record to support the ALJ's decision. The Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATE: January 3, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT